UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| Adane Abegaz<br>    4451 Telfair Blvd, Apt. 6093<br>    Camp Springs, Maryland 20746<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. Customs and Border Patrol<br>    1300 Pennsylvania Ave, Suite 4.4-B<br>    Washington, DC 20229<br><br>*Defendant*. | Civil Action No. _____ |

**COMPLAINT**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel production of agency records requested by Plaintiff Adane Abegaz from Defendant U.S. Customs and Border Patrol ("Defendant" or "CBP").

2. On March 27, 2023, Plaintiff submitted a FOIA request to CBP, seeking to obtain records relating to his entries and exits, apprehensions, detentions, and interactions with CBP. Plaintiff requested these records to prepare an application to adjust his immigration status through a spousal petition.

3. The statutory deadline for CBP to respond to Plaintiff's request has long since elapsed and CBP has not produced any documents. Plaintiff therefore files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Because CBP has failed to comply with the FOIA statute's time-limit provisions, the Plaintiff is deemed to have constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining CBP from continuing to withhold the requested records and ordering their production.

## VENUE

6. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)(C) because the Plaintiff resides in Montgomery County, Maryland, within this judicial district, and no real property is involved in this action.

## THE PARTIES

7. Plaintiff Adane Abegaz filed a CBP FOIA request on March 27, 2023. He is being prevented from filing for adjustment of status by Defendant's failure to respond to his duly filed FOIA request.

8. Defendant U.S. Customs and Border Patrol is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. CBP has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of FOIA.

## FACTUAL ALLEGATIONS

9. On March 27, 2023, the Plaintiff submitted a FOIA request to CBP seeking records of apprehensions, detentions, and interactions with CBP, as well as any records of any entries and exits, voluntary departures or expedited removals.

10. FOIA requires agencies to issue a determination in response to a request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

11. In "unusual circumstances" enumerated by the FOIA statute, an agency may obtain an extension by notifying the requester in writing of the unusual circumstances and specifying the date by which a determination will be made. Id. § 552(a)(6)(B)(i). If the agency claims that the unusual circumstances justify an extension greater than ten business days, it must provide the requester an opportunity to narrow the scope of the request. Id. § 552(a)(6)(B)(ii).

12. By email on October 4, 2023, CBP acknowledged receipt of this request and assigned unique FOIA request tracking number CBP-FO-2023-061953. *See* **Exhibit A**.

13. In its acknowledgment of receipt, CBP mentioned both its right under FOIA to a 10-day extension, and the current FOIA request backlog, stating that it could take 6-9 months to receive a response from the agency for a FOIA request.

14. By email on February 7, 2024, Counsel for the Plaintiff contacted the CBP FOIA Public Liaison to follow up on the request, explaining that despite the agency's 6-9 month backlog, it had already been 11 months since the instant request had been pending.

15. On February 12, 2024, the CBP FOIA Public Liaison responded by email simply stating that the request status is "Processing: Searching for Records" and apologizing for the delay. *See* **Exhibit B**.

16. To date, CBP has not issued a responsive record to the Plaintiff's FOIA request.

17. It has been 420 days since the initial FOIA request.

18. Plaintiff has been ready to file for adjustment of status since the instant FOIA request was filed, well over one year ago now. He and his family are eager and anxious to secure his immigration status but are being prevented from even commencing the process by CBP's failure to issue responsive records.

19. CBP's failure to respond to the Plaintiff's request constitutes constructive denial of his request. This denial is without justification. Plaintiff is powerless to make CBP act on his request other than by means of this lawsuit.

## CLAIM FOR RELIEF

### COUNT ONE:
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Respond Within the Time Required

20. Plaintiff incorporates the foregoing paragraphs 1-19 by reference.

21. Plaintiff properly requested records within the possession, custody, and control of CBP.

22. Under the FOIA, CBP was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

23. CBP has failed to respond to Plaintiff's request within the statutory deadline. Defendant's failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT TWO:
### Violation of FOIA, 5 U.S.C. § 552
### for Failure to Conduct an Adequate Search

24. Plaintiff incorporates the foregoing paragraphs 1-19 by reference.

25. CBP is an agency subject to FOIA and therefore must make reasonable efforts to search for the requested records and provide Plaintiff with access to those records.

26. CBP has wrongfully withheld records responsive to Plaintiff's request. As such, CBP violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE:
### Violation of FOIA, 5 U.S.C. § 552
### for Wrongful Withholding of Records

27. Plaintiff incorporates the foregoing paragraphs 1-19 by reference.

28. CBP is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request.

29. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

30. CBP's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

31. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

32. Because of CBP's failure, Plaintiff's obligation to exhaust administrative remedies is satisfied. 5 U.S.C. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

33. Plaintiff prays for judgement against Defendant and respectfully requests that the Court enters an order:

   a. Requiring Defendant United States Customs and Border Patrol to promptly process Plaintiff's request and search for and disclose the responsive agency records;

   b. Awarding Plaintiff costs of suit and reasonable attorney's fees under the FOIA and/or under the Equal Access to Justice Act; and

   c. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/ Simon Sandoval-Moshenberg
Simon Sandoval-Moshenberg, Esq.
Maryland State Bar no. 30965
Counsel for Plaintiff
Murray Osorio PLLC
4103 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030
Telephone: 703-352-2399
Facsimile: 703-763-2304
ssandoval@murrayosorio.com

<u>List of Exhibits</u>

**Exhibit A**  CBP's Acknowledgment of Receipt (10/04/2023)

**Exhibit B**  CBP's Email Response (02/12/2024)